IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE ARMANDI COLON, : | |
|     Petitioner, : | |
| : | CIVIL ACTION |
| v. : | NO: 05-4343 |
| : | |
| DAVID DIGUGLIELMO, ET AL., : | |
|     Respondent. : | |

## ORDER

**AND NOW**, on this \_\_\_\_ day of November, 2007, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation (the "R&R") of United States Magistrate M. Faith Angell (Doc. 10), Petitioner's Objections (Doc. 13), and Plaintiff's Motion for Reconsideration (Doc. 15), **IT IS HEREBY ORDERED AND DECREED** that:

1. Petitioner's Motion for Reconsideration is **GRANTED**.[1]

2. Petitioner's Objections to the Magistrate Judge's R&R are **OVERRULED**;

    Petitioner Colon timely filed his objections to Magistrate Judge Angell's R&R. Colon reasserts claims identical to those in his Habeas Petition. The Court reviews de novo Colon's Habeas Petition.

3. The R&R is **APPROVED** and **ADOPTED**;

---

[1] Petitioner requests reconsideration of this Court's July 16, 2007 Order approving and adopting the Magistrate Angell Report and Recommendation ("R&R"). On April 12, 2007 Magistrate Angell's R&R was entered. Petitioner was notified that objections were to be filed no later than May 3, 2007. On May 3, 2007,the Court granted Petitioner's Motion for extension of time to file objections to the R&R. Petitioner's deadline was extended to July 9, 2007. Petitioner's objections were not received by the Court by the July 9, however Petitioner has provided the Court will a true and correct copy of a U.S. Postal Service receipt which reflects that postage for Petitioner's objections were prepaid with the date of deposit being July 9. Thus, pursuant to Fed. R. A. P 25 (c)(Inmate filing), Petitioner's objections are timely and have been carefully considered by the Court as explained herein.

On October 5, 2001, a jury found Petitioner guilty of first-degree murder and criminal conspiracy to commit murder. (R&R 1.) Petitioner was sentenced to a mandatory term of life imprisonment for the first degree murder conviction, to run concurrently with a ten (10) to twenty (20) year sentence for the criminal conspiracy conviction. (Id.) On August 12, 2005, *pro se* Petitioner filed the instant habeas petition with the Court seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

United States Magistrate Judge M. Faith Angell's Report and Recommendation fully addresses Petitioner's claims as presented in his habeas petition. In his memorandum of law in support of the habeas petition, Petitioner asserts that he is raising all claims which he presented to the state courts on direct appeal and in the PCRA forum. However, as Magistrate Angell correctly explains, throughout his memorandum, Petitioner includes language which suggest additional claims or legal theories. The Court will limit its review of the petition to issues properly raised and exhausted in the state court system. Petitioners claim can therefore be properly read to include the following claims:

1) The evidence was insufficient to sustain a first degree murder conviction because:
   a. under a "transferred intent" theory, there was no evidence demonstrating that Petitioner was involved in an exchange of gunfire that killed the victim Leslie Samaniego, and
   b. the Commonwealth failed to establish that Petitioner Mr. Colon had any role in causing the death of Ms. Samaniego; there was no evidence connecting him with random shooting by a third party.
   (Mem. Support Habeas Pet. 28-29.)

2) The prosecutor's comments about the September 11, 2001 World Trade Center attacks ("9/11") deprived Petitioner of a fair trial in violation of the Sixth and Fourteenth Amendments
   (Id. at 30.)

3)  Trial counsel was ineffective for failing to call available witnesses Jana Hartsough and Harold Jordan.
    (Id. at 35-37.)

4)  The Commonwealth committed a Brady violation when it failed to disclose a surveillance videotape to the defense; or alternatively, trial counsel was ineffective for failing to learn of the existence of the videotape.
    (Id. at 41-45.)

5)  "Brady was also violated by refusal to turn over Mr. Komotos' statement."
    (Id. at 45.)

6)  The trial court committed a Due Process error when it denied Petitioner's motion in limine, which sought to exclude uncharged bad acts relating to an earlier shooting incident at Prince and King Streets.
    (Id. at 49.)

Petitioner's fifth habeas claim is unexhausted and procedurally defaulted. In order for a federal court to grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350 (1989). Furthermore, under 28 U.S.C. § 2254(b)(1), in order to satisfy the exhaustion requirement, state prisoners must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." Kendall v. AG of Del., 2002 U.S. Dist. LEXIS 6549, *6 (citing O'Sullivan, 526 U.S. at 845). A claim has not been fairly presented to the state court unless it was presented at "all levels of state court adjudication." Id. Thus, if a petitioner has not exhausted all state remedies and "the court to which the petitioner would be required to present his claims in order to

meet the exhaustion requirement would now find the claims procedurally barred," the claim is considered to be procedurally defaulted in the context of federal habeas review. Coleman v. Thompson, 501 U.S. 722, 735 (1991).

A default should be excused where the prisoner "can demonstrate cause for the default and actual prejudice as a result for the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. Cause for a procedural default must be shown by "some objective factor external to the defense [that] impeded counsel's efforts to comply with the state's procedural rule." Kendall, 2002 U.S. Dist. LEXIS at *7 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Additionally, Petitioner must show that actual prejudice has occurred, by establishing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at *8. In the alternative, a procedural default may be excused if Petitioner shows that "failure to review the claim will result in a fundamental miscarriage of justice.[2] Id. (citing Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001).

Here, the Petitioner's fifth amendment claim is procedurally defaulted for purposes of federal habeas review because Petitioner failed alert the state courts to the federal nature of his claim. Furthermore, Petitioner has not stated any cause for default.

---

[2] The miscarriage of justice only applies "where a constitutional violation has probably resulted in the conviction of one who is actually innocent. Kendall, 2002 U.S. Dist. LEXIS at *8 (quoting *Murray*, 477 U.S. at 496). In order to establish actual innocence, Petitioner must prove that "it is more likely than not that no reasonable juror would have convicted him. Id.

Thus, it is not necessary to review whether Petitioner suffered any actual prejudice. See Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982).

Review of Petitioner's sixth habeas claim is not appropriate in this Court. As Magistrate Angell aptly explained, the issue was raised on Mr. Colon's direct appeal to the Pennsylvania Superior Court as a state law claim and was rejected. (R&R 12.) Magistrate Angell correctly points out that any attempt by Petitioner to convert this claim into a federal claim by adding due process language for the first time in this forum results in an unexhausted and procedurally defaulted claim. (Id.)

Petitioner's remaining claims were exhausted in the Pennsylvania Courts and thus may be reviewed by this Court. However, AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State Court proceeding."

28 U.S.C. § 2254(d)(Supp. 1998)

After careful and independent review of the record, this Court finds that state courts' findings resulted in an outcome that can be reasonably justified under controlling federal law. The state courts' findings were not based on an unreasonable determination of the facts nor were those findings contrary to Supreme Court of the United States precedent.

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is

      **DENIED** and **DISMISSED**;

4. A certificate of appealability is **NOT GRANTED**.

5. The Clerk of the Court shall mark this case as **CLOSED.**

      **BY THE COURT:**

      /s/ Petrese B. Tucker

      _____
      **Hon. Petrese B. Tucker, U.S.D.J.**